J. Kenneth Servé, J.
On October 2, 1961 the defendant was convicted of speeding in a restricted zone in violation of subdivision 4 of section 1180 of the Vehicle and Traffic Law before the Honorable John Carr, Justice of the Peace, Town of Gaines, Orleans County, New York. The violation is alleged to have occurred on September 2, 1961. The information charged the defendant with the operation of a motor vehicle at a speed of 51 miles per hour in violation of the 35 miles per hour speed limit legally established by the New York State Traffic Commission. The defendant has appealed from his conviction and the fine of $15 imposed upon him.
The defendant has requested his conviction be set aside for several reasons set forth in his affidavit of errors. Two of such reasons are: (1) “That the People failed to meet the burden of proving defendant’s guilt beyond a reasonable doubt in that the court, in defendant’s presence during the trial, failed to mark for identification any exhibit offered by the People and failed to mark in evidence any exhibit received by the court as evidence, and (2) the legal presumption of defendant’s innocence was not overcome by competent legal evidence on the trial, and the People wholly failed to prove the defendant’s guilt. ’ ’
The State trooper, who conducted the prosecution, offered in evidence a certified copy of an order of the State Traffic Commission to prove the legal establishment of the restricted speed zone. This document was neither marked for identification, nor was it marked in evidence. The minutes of the trial disclose that the defendant’s counsel at the trial asked to have it marked if it was offered in evidence, but his request went by *514 unnoticed. This court has examined the minutes of the trial and they do not show that the afore-mentioned certified copy of the order of the State Traffic Commission was ever received in evidence. The minutes of the trial do not identify the certified copy of the order by date or otherwise. For obvious reasons, any exhibit, which is offered and received in evidence, should be marked as received in evidence and the minutes of the trial should also indicate that the exhibit was received in evidence.
The Trial Justice filed as part of his return a certified copy of an order of the State Traffic Commission, which indicated the establishment of a 35 miles per hour speed zone. The certified copy of the order of the State Traffic Commission cannot be considered as part of the return because it was not received in evidence. Without it, there is no proof in the return of the legal establishment of the restricted speed zone. Due to the fact that the certified copy of the order of the State Traffic Commission was never marked in evidence, and the minutes of the trial disclose that it was never received in evidence, it cannot be considered as evidence in the trial.
It was an essential part of the People’s case to prove the legal establishment of the restricted speed zone. For the reasons stated above, the People failed to sustain the burden of proof in this respect. Judgment of conviction is reversed and a new trial ordered.